# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

———————————————————

IN RE APPLICATION CONCERNING SUBPOENA
ISSUED IN FINRA ARBITRATION NO. 24-02082

LPL FINANCIAL LLC,

     Claimant,

v.

BARRINGTON EDWIN GIST,

     Respondent.

———————————————————

MISCELLANEOUS ACTION

# MOTION OF RESPONDENT BARRINGTON EDWIN GIST

# TO QUASH SUBPOENA AND ARBITRAL ORDER

# DIRECTED TO MORGAN STANLEY SMITH BARNEY LLC

# OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER

## PRELIMINARY STATEMENT

Respondent Barrington Edwin Gist ("Respondent" or "Mr. Gist"), proceeding pro se, respectfully moves this Court pursuant to **9 U.S.C. § 7**, **Federal Rule of Civil Procedure 45**, and the Court's inherent

authority, for an Order quashing in full the subpoena and related arbitral Order directed to non-party Morgan Stanley Smith Barney LLC ("Morgan Stanley") in a pending FINRA arbitration.

This motion does not seek review of the merits of the underlying arbitration, nor does it request that this Court disturb the authority of the FINRA arbitration panel. Rather, it invokes the Court's limited and exclusive role in determining whether compulsory process may be enforced against a non-party in aid of arbitration.

Absent judicial intervention, Morgan Stanley would be compelled to produce confidential, proprietary, and sensitive information notwithstanding timely objections, unresolved third-party burden concerns, and significant confidentiality implications. Once produced, the resulting harm cannot be undone.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to **9 U.S.C. § 7**, which governs enforcement and quashing of subpoenas issued in connection with arbitration proceedings.

Venue is proper in this District because Morgan Stanley maintains its principal place of business and centralized compliance and records functions within this District, and any enforcement or contempt proceedings relating to the subpoena would necessarily lie here.

## FACTUAL BACKGROUND

1. The underlying dispute is a FINRA arbitration captioned *LPL Financial LLC v. Barrington Edwin Gist*, FINRA Arbitration No. 24-02082.

2. Claimant LPL Financial LLC ("LPL") sought and obtained an arbitral Order authorizing issuance of a subpoena directed to non-party Morgan Stanley.

3. Morgan Stanley is not a party to the arbitration and has no financial or legal interest in its outcome.

4. The subpoena seeks broad categories of documents, including internal employment records, compensation information, performance materials, proprietary firm documents, and other confidential records maintained by Morgan Stanley.

5. Respondent timely objected to the subpoena and expressly withheld consent to production.

6. Morgan Stanley advised the parties that, absent a court-filed motion or judicial direction, it faced competing obligations and potential exposure.

7. This motion is brought promptly and in good faith to preserve the status quo while the Court determines enforceability.

## LEGAL STANDARD

Subpoenas issued in aid of arbitration under **9 U.S.C. § 7** are not self-executing. Federal courts retain exclusive authority to enforce, modify, or quash such subpoenas, particularly where compliance is sought from a non-party.

In evaluating a motion to quash, courts apply **Rule 45 principles**, including whether the subpoena:

- Imposes undue burden on a non-party;

- Seeks confidential or proprietary information;

- Is overbroad or disproportionate;

- Seeks information available through less intrusive means.

Non-party subpoenas are subject to heightened scrutiny, especially in arbitration proceedings where discovery is intentionally limited.

## ARGUMENT

### I. THE SUBPOENA IMPOSES AN UNDUE BURDEN ON A NON-PARTY

Morgan Stanley is a sophisticated financial institution subject to extensive regulatory, contractual, and confidentiality obligations independent of this arbitration.

Courts consistently recognize that non-parties are entitled to special protection from discovery demands that impose significant burden without compelling justification. The subpoena here would require Morgan Stanley to locate, review, and potentially redact sensitive internal records despite having no stake in the dispute.

This undue burden alone warrants quashing.

## II. THE SUBPOENA SEEKS CONFIDENTIAL AND PROPRIETARY INFORMATION

The subpoena seeks materials that are confidential, proprietary, and subject to internal firm controls and regulatory safeguards.

Once disclosed, confidentiality cannot be restored. Courts routinely quash subpoenas where compliance would expose non-party confidential information absent a compelling and narrowly tailored showing.

## III. THE SUBPOENA IS OVERBROAD AND DISPROPORTIONATE

The subpoena is not narrowly tailored to specific, clearly identified issues. Instead, it seeks sweeping categories of documents without meaningful limitations as to time, custodian, or subject matter.

Even under the liberal discovery standards of civil litigation, such breadth would be disfavored. In arbitration—where discovery is intentionally constrained—the overreach is particularly pronounced.

## IV. COURT INTERVENTION IS NECESSARY TO PREVENT IRREPARABLE HARM

Absent judicial intervention, Morgan Stanley may be compelled to produce sensitive information, resulting in irreversible harm. Monetary remedies cannot cure the harm once disclosure occurs.

Quashing the subpoena preserves the integrity of the arbitration process while ensuring compliance with federal law governing non-party discovery.

## REQUEST FOR RELIEF

WHEREFORE, Respondent Barrington Edwin Gist respectfully requests that the Court:

1. **Quash in full** the subpoena and related arbitral Order directed to Morgan Stanley Smith Barney LLC;

2. **Order that no documents or information be produced** by Morgan Stanley pursuant to the subpoena;

3. In the alternative only, enter a **protective order** barring production absent further Court authorization; and

4. Grant such other and further relief as the Court deems just and proper.


## CONCLUSION

This motion presents a narrow procedural issue squarely within this Court's authority. Granting relief protects a non-party from undue burden and prevents irreversible harm without interfering with the merits of the arbitration.

Respectfully submitted,

Dated: January 25, 2026

*Barrington Gist*

/s/ Barrington Edwin Gist
Barrington Edwin Gist
1108 Logue Road
Mount Juliet, TN 37122
Email: barrington.gist@gmail.com
Telephone: 708-275-8043

Pro Se

# EXHIBIT A

FINANCIAL INDUSTRY REGULATORY AUTHORITY

LPL FINANCIAL LLC,

        Claimant,

v.

                                     FINRA Case No. 24-02082

BARRINGTON E. GIST (CRD NO. 6178480),

        Respondent.

| | |
|---|---|
| Saretsky Hart Michaels + Gould PC<br>By: Gary M. Saretsky<br>     Samuel P. Mauch<br>     Tyler M. Cohen<br>Attorneys for LPL Financial LLC<br>995 South Eton<br>Birmingham, Michigan 48009<br>(248) 502-3300 | Barrington E. Gist<br>In Pro Per<br>1108 Logue Road<br>Mount Juliet, Tennessee 37122<br>(708) 275-8043 |

## <u>ORDER FOR PRODUCTION OF DOCUMENTS</u>

        To:    Morgan Stanley
                Attn: Subpoena/Legal Dept.
                2000 Westchester Avenue
                Purchase, New York 10577-
                2530

      You are hereby ordered to produce the following documents related to Barrington E. Gist (CRD No. 6178480) ("Gist") to the attention of Samuel P. Mauch at Saretsky Hart Michaels + Gould PC, 995 South Eton, Birmingham, MI 48009, (248) 502-3300, within **10 days of receipt of this Order**:

          a.  All employment (or similar) agreements between Morgan Stanley Smith Barney LLC ("MSSB") and Gist;

          b.  All W-2s, 1099s (or similar related tax forms) issued by MSSB to Gist;

c. Documents sufficient to evidence Gist's assets under management at the time Gist's affiliation with MSSB was terminated in or around April 2021;

d. Documents sufficient to evidence Gist's production at MSSB between January 2018 and the termination of his affiliation from MSSB in or around April 2021 (on a monthly and annual basis);

e. All promissory notes issued by MSSB (or one of its affiliates) to Gist; and

f. Documents sufficient to evidence Gist's repayment of any promissory notes issued by MSSB (or one of its affiliates) to Gist.

By: *Mollie W. Neal*

Mollie W. Neal, FINRA Chairperson

Dated: *January 15, 2026*

2

# EXHIBIT B

# CERTIFICATE OF SERVICE

I, Barrington Edwin Gist, a non-attorney proceeding *pro se*, hereby certify under penalty of perjury that on this 26th day of January, 2026, I served a true and correct copy of the foregoing MOTION OF RESPONDENT BARRINGTON EDWIN GIST TO QUASH SUBPOENA AND ARBITRAL ORDER, by depositing the same in the United States Mail, First Class, postage prepaid, addressed to the following counsel of record and interested parties:

**Counsel for Claimant LPL Financial LLC:**

Samuel P. Mauch, Esq.
Gary Saretsky, Esq.
Tyler M. Cohen, Esq.
Saretsky Hart Michaels + Gould PC
995 S Eton St
Birmingham, MI 48009

Respectfully submitted,

**/s/ Barrington E. Gist**
**Barrington E. Gist**
*Pro Se Respondent*
1108 Logue Road
Mount Juliet, TN 37122
Email: barrington.gist@gmail.com
Telephone: 708-275-8043

**PROPOSED** ORDER GRANTING RESPONDENT'S MOTION TO QUASH SUBPOENA

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**IN RE APPLICATION CONCERNING SUBPOENA
ISSUED IN FINRA ARBITRATION NO. 24-02082**

_____

Case No.26-mc-_____

LPL FINANCIAL LLC,

              Claimant,

          v.

BARRINGTON EDWIN GIST,

              Respondent.

_____

**ORDER GRANTING RESPONDENT'S MOTION TO QUASH SUBPOENA**

Upon consideration of the Motion of Respondent Barrington Edwin Gist, proceeding _pro se_, to Quash the Subpoena and Arbitral Order directed to non-party Morgan Stanley Smith Barney LLC, and for good cause shown, it is hereby:

1. **ORDERED** that Respondent's Motion to Quash is **GRANTED**; and it is further
2. **ORDERED** that the subpoena issued to non-party Morgan Stanley Smith Barney LLC in connection with FINRA Arbitration No. 24-02082 is **QUASHED** in its entirety; and it is further
3. **ORDERED** that Morgan Stanley Smith Barney LLC shall not produce any documents, testimony, or other information pursuant to the aforementioned subpoena; and it is further
4. **ORDERED** that the Clerk of Court is respectfully directed to close this miscellaneous action.

**SO ORDERED.**

Dated: _____, 2026
       New York, New York

_____
**UNITED STATES DISTRICT JUDGE**

 Gmail

Barrington Gist <barrington.gist@gmail.com>

---

**LPL v. Gist**
5 messages

---

**Samuel Mauch** <SMauch@saretsky.com>                              Mon, Sep 29, 2025 at 9:58 AM
To: Barrington Gist <barrington.gist@gmail.com>
Cc: Gary Saretsky <GSaretsky@saretsky.com>, "Tyler M. Cohen" <tcohen@saretsky.com>

Mr. Gist,

I hope all is well.

Please let us know if you will stipulate to entry of the attached Order for Production of Documents. If we do not back from you by close of business tomorrow, we will file a motion with the Panel.

We look forward to hearing from you.

Thanks,

SAM

S A R E T S K Y
        H A R T
M I C H A E L S
    ÷ G O U L D
    a t t o r n e y s

**Samuel P. Mauch**
Attorney
**T:** 248.502.3300 **F:** 248.502.3301

Birmingham, Michigan 48009

This e-mail, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.

📎 **Order - Morgan Stanley 09.25.2025.pdf**
113K

**Barrington Gist** <barrington.gist@gmail.com>                                    Mon, Sep 29, 2025 at 2:32 PM
To: Samuel Mauch <SMauch@saretsky.com>
Cc: Gary Saretsky <GSaretsky@saretsky.com>, "Tyler M. Cohen" <tcohen@saretsky.com>

Sam,

I do not stipulate to entry of the proposed Order for Production of Documents. I object to the request as drafted and will oppose its entry before the Panel if a motion is filed.

Barrington E. Gist

On Sep 29, 2025, at 9:58 AM, Samuel Mauch <                    > wrote:

Mr. Gist,

I hope all is well.

Please let us know if you will stipulate to entry of the attached Order for Production of Documents. If we do not back from you by close of business tomorrow, we will file a motion with the Panel.

We look forward to hearing from you.

Thanks,

SAM

**Samuel P. Mauch**
Attorney
**T:** 248.502.3300 | **F:** 248.502.3301

995 South Eton St.
Birmingham, Michigan 48009

www.saretsky.com

This e-mail, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.

<Order - Morgan Stanley 09.25.2025.pdf>

**Samuel Mauch** <SMauch@saretsky.com>                    Mon, Sep 29, 2025 at 2:37 PM
To: Barrington Gist <barrington.gist@gmail.com>
Cc: Gary Saretsky <GSaretsky@saretsky.com>, "Tyler M. Cohen" <tcohen@saretsky.com>

Okay. Do you have any proposed edits to the proposed Order that you would agree to? Happy to talk about it.


SAM


S | H
M | G    **Samuel P. Mauch** | Attorney
         **T:** 248.502.3300 | **F:** 248.502.3301

This e-mail, including attachments, may include confidential and/or proprietary information, and may be used only by the person or entity to which it is addressed. If the reader of this e-mail is not the intended recipient or his or her authorized agent, the reader is hereby notified that any dissemination, distribution or copying of this e-mail is prohibited. If you have received this e-mail in error, please notify the sender by replying to this message and delete this e-mail immediately.

# FINRA.

Dispute Resolution Portal

| Home | Arbitration Cases | Mediation Cases | Arbitration Claims | Messages |

## 24-02082 LPL Financial LLC vs. Barrington E. Gist

### Arbitration Case Abstract

Submit Documents

**Case Status:** Open
**Filed On Date:** 09/27/2024
**Office:** Chicago
**Hearing Location:** Nashville, TN

**Milestones**
**Case Received:** 09/27/2024
**Claim Served on Respondents:** 09/27/2024

**Assigned Staff**
Allison Neumann
FINRA Dispute Resolution Services
101 N. Wacker Drive
Suite 2200
Chicago, Illinois 60606
Phone: 561-447-2686
E-mail: Allison.Neumann@finra.org

| Messages (5) | Details | Pleadings | Deficiencies | List Selection | Hearings | Scheduling | Documents (7) | Drafts & Submissions | Fees | Users |

### Documents

In the Documents column, click "Expand All" in the column header, or click the plus sign (+) to see the list of documents for that Subject.

| Subject | Portal Posted Date | Documents (File Date) Expand All | Sent By |
|---|---|---|---|
| **Submitted Documents by Party** | **01/28/2026** | Document List | **Barrington E Gist** |
| FINRA Time Sensitive Correspondence | 01/28/2026 | Request Response to Motion.pdf (01/28/2026) | FINRA DR |
| Documents Sent by Another Party | 01/27/2026 | 2026.01.27 LPL's 1) Resp to Mtn for PO and 2) Mtn for Sanctions.pdf (01/27/2026) | Samuel P Mauch |
| **Submitted Documents by Party** | **01/26/2026** | Document List | **Barrington E Gist** |
| **Submitted Documents by Party** | **01/26/2026** | Document List | **Barrington E Gist** |
| **Submitted Documents by Party** | **01/21/2026** | Document List | **Barrington E Gist** |
| Order | 01/15/2026 | Document List | FINRA DR |
| Motion | 12/15/2025 | Document List | FINRA DR |
| Pleading(s) | 12/05/2025 | Document List | FINRA DR |
| Documents Sent by Another Party | 12/01/2025 | 2025.12.01 LPL's Mtn to Compel Discovery.pdf (12/01/2025) | Samuel P Mauch |
| Submitted Documents by Party | 11/30/2025 | Document List | Barrington E Gist |
| Scheduling Correspondence | 11/19/2025 | Confirmation of Discovery Pre-Hearing Date 01-09-26.pdf (11/19/2025) | FINRA DR |
| Documents Sent by Another Party | 11/18/2025 | 2025.11.18 Llr to FINRA - Prehearing Conference.pdf (11/18/2025) | Samuel P Mauch |
| Motion | 10/29/2025 | Document List | FINRA DR |

« ‹ 1 2 3 › »

1 of 3

| Subject | Portal Posted Date | Documents (File Date)  Expand All | Sent By |
|---|---|---|---|
| **Arbitrator Disclosure(s)** | **10/28/2025** | Document List | **FINRA DR** |
| Arbitrator Disclosure(s) | 10/16/2025 | Document List | FINRA DR |
| Motion | 10/10/2025 | Document List | FINRA DR |
| Submitted Documents by Party | 10/10/2025 | Document List | Barrington E Gist |
| Documents Sent by Another Party | 10/08/2025 | 2025.10.08 LPL's Response In Opp to Gist's Mtn re Discovery Order.pdf (10/08/2025) | Samuel P Mauch |
| Documents Sent by Another Party | 10/06/2025 | 2025.10.6 LPL's Reply in Support of Motion for Issuance of Order.pdf (10/06/2025) | Samuel P Mauch |
| Submitted Documents by Party | 09/30/2025 | Document List | Barrington E Gist |
| Documents Sent by Another Party | 09/29/2025 | 2025.09.29 LPL's Mtn for Issuance of Order.pdf (09/29/2025) | Samuel P Mauch |
| **Arbitrator Disclosure(s)** | **08/27/2025** | Document List | **FINRA DR** |
| Documents Sent by Another Party | 08/18/2025 | Document List | Samuel P Mauch |
| FINRA Correspondence | 04/17/2025 | Document List | FINRA DR |

«  ‹  | 1 | 2  3  ›  »

1 of 3

*Filed Immediately ask via Email If I had any Proposed changes*

© 2026 FINRA. All rights reserved. FINRA is a registered trademark of the Financial Industry Regulatory Authority, Inc.    Sitemap | Privacy | Legal

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BARRINGTON EDWIN GIST

**(b)** County of Residence of First Listed Plaintiff  WILSON COUNTY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
1108 LOGUE RD, MT JULIET, TN 37122
Telephone: 708-275-8043

## DEFENDANTS

LPL FINANCIAL, LLC

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Samuel P. Mauch
995 South ETON, BIRMINGHAM, MI 48009

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☒ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
9 U.S.C. 87

Brief description of cause:
PETITION TO QUASH NON-PARTY SUBPOENA ISSUED IN AID OF FINRA ARBITRATION

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $  N/A

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE  Jan-25-2026

SIGNATURE OF ATTORNEY OF RECORD  *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 03/24)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. **(See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: _____.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.