**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

IN RE APPLICATION CONCERNING
SUBPOENA ISSUED IN FINRA
ARBITRATION NO. 24-02082

                                              **ORDER**

                                        **26-mc-47 (GHW) (JW)**

-----------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of *pro se* Respondent Barrington Edwin Gist's motion to quash Claimant LPL Financial LLC's non-party subpoena to Morgan Stanley in FINRA arbitration captioned <u>LPL Financial LLC v. Barrington Edwin Gist</u>, FINRA Arbitration No. 24-02082, and Respondent's subsequent emergency motion regarding a temporary stay.  <u>See</u> Dkt. Nos. 1, 4.  For reasons discussed more fully below, the Court **DENIES** both requests.

A party lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden.  <u>See</u> <u>Estate of Ungar v. Palestinian Auth.</u>, No. 18 Ms. 0302 (CM), 400 F.Supp.2d 541, 554 (S.D.N.Y.2005); <u>US Bank Nat'l Assoc. v. PHL Variable Ins. Co.</u>, No. 12 Civ. 6811 (CM) (JCF), 2012 WL 5395249 at *2 (S.D.N.Y. Nov. 5, 2012) (citing cases).  Instead, a non-subpoenaed party has standing only if it has a privilege, privacy or proprietary interest in the documents sought.  <u>See</u> <u>Catskill Dev., L.L.C. v. Park Place Entm't Corp.</u>, No. 00 Civ. 8660 (CM) (GAY), 206 F.R.D. 78, 93 (S.D.N.Y.2002); <u>see also</u> <u>Solow v. Conseco, Inc.</u>, No. 06 Civ. 5988 (BSJ) (THK), 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) ("[C]ourts have recognized that

parties with a privacy interest in subpoenaed documents have standing to oppose the subpoena.") (citing cases).

Respondent, proceeding *pro se*, moves to quash the third-party subpoena on undue burden and confidentiality grounds. Because Respondent lacks standing to quash the third-party subpoena on undue burden grounds (see Estate of Ungar, 400 F.Supp.2d at 554), the Court only addresses Respondents' confidentiality objections.

In support of his confidentiality objection, Respondent argues that the subpoena seeks "materials that are confidential, proprietary, and subject to internal firm controls and regulatory safeguards." Dkt. No. 1. In support, Respondent contends that "Courts routinely quash subpoenas where compliance would expose non-party confidential information." Id.

Reading *pro se* Respondent's motion "to raise the strongest arguments they suggest," the Court finds that Plaintiff has standing to object on confidentiality and privacy grounds given the document subpoena seeks Respondent's personal information, including Respondent's employment agreements with Morgan Stanley. However, Respondent fails to make *any showing* that his privacy interest in the documents outweigh the relevance of these requests.

2

Therefore, Respondent's motion to quash is **DENIED**.  Further, because the Court has resolved the motion to quash, Respondent's letter at Dkt. No. 4 seeking a stay until resolution to the motion to quash is **DENIED** as moot.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 1 and 4.**

SO ORDERED.

DATED:    New York, New York
          February 27, 2026

                                        _____
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge

3